**40 D 6262 REALTY CORPORATION and 40 E 6262 Realty Corporation, Petitioners,**

v.

**UNITED ARAB EMIRATES GOVERNMENT, Respondent.**

**No. 78 Civ. 0206.**

United States District Court, S. D. New York.

Feb. 28, 1978.

---

**711**

Guarini & Guarini, New York City, for petitioners; Mendel White, New York City, of counsel.

Omar Z. Ghobashy, New York City, for respondent.

## OPINION

EDWARD WEINFELD, District Judge.

Respondent moves to dismiss the removed action on the grounds of sovereign immunity and improper service. Because the Court finds that service was improper, it does not reach the claim of sovereign immunity at this point.

Service of process on foreign states is controlled by provisions of the Foreign Sovereign Immunities Act of 1976.[1] That section provides:

(a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through the diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

Petitioners have made no showing that their method of service—affixing a copy of a "notice of petition" to the premises in question and mailing a copy to the Permanent Mission of the United Arab Emirates Government—comes within either subsection (1) or (2) above. It is equally clear that it is not a permissible manner of service under the other subsections. These provisions require translation of the summons and complaint into the official language of the foreign state as well as a "notice of suit." The purpose of these requirements is evident; the legislative history states that

[a] "notice of suit" as used in this section would advise a foreign state of the legal proceeding, it would explain the legal significance of the summons, com-

1. 28 U.S.C. § 1608. *See Gray v. Permanent Mission of People's Republic of Congo to Unit-* ed Nations, 443 F.Supp. 816, 819 (S.D.N.Y. 1978).

plaint and service, and it would indicate what steps are available under or required by U.S. law in order to defend the action. In short, it would provide an introductory explanation to a foreign state that may be unfamiliar with U.S. law or procedure.[2]

The House Report makes clear that the method of service adopted here—service on an embassy by mail—is "precluded under this [Act]."[3]

█ Petitioners have chosen to ignore these dictates. Yet they claim that respondent is barred from objecting to improper service here because it did not so object in the state court prior to removal. This is simply incorrect. Respondent filed a motion to dismiss in the state court that raised objection to the manner of service. It is true that the original moving papers are somewhat obscure, but the reply papers explicitly raise the issue of service under the Foreign Sovereign Immunities Act.

Thus respondent's motion to dismiss on the ground of improper service is properly before the Court and there is no question that service was in fact improper. Until proper service is effected, this Court has no jurisdiction over the defendant.[4]

Accordingly, petitioners may proceed to serve respondent in accordance with the requirements of 28 U.S.C., section 1608.[5]

**2.** H.Rep.No.94–1487, 94th Cong., 2d Sess. 24–25 *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 6604, 6623.

**3.** H.Rep.No.94–1487, at 26, *reprinted in* [1976] U.S.Code Cong. & Admin.News at 6625. *See also* Vienna Convention of Diplomatic Relations, Art. 22(1), 23 U.S.T. 3227, T.I.A.S. 7502 (1972); Note, Sovereign Immunity—Limits of Judicial Control—The Foreign Sovereign Immunities Act of 1976, Pub.L.No.94–583, 90 Stat. 2891, 18 Harv. Int'l L.J. 429, 443–46 (1977).

**4.** 28 U.S.C. § 1330(b). *See Gray v. Permanent Mission of People's Republic of Congo to United Nations*, 443 F.Supp. 816, 821–822 (S.D.N.Y. 1978).

**5.** *See* 28 U.S.C. § 1448.